R. Michael Jordan, Esq. (SBN 108000)
mjordan@msjlaw.com
David M. Plouff, Esq. (SBN 157026)
dplouff@msjlaw.com
MUNRO SMIGLIANI & JORDAN, LLP
655 West Broadway, Suite 840
San Diego, CA 92101
Ph. (619) 237-5400
Facsimile (619) 238-5597

FILED
2008 AUG 15 PM 4:31
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1501 H AJB

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SECURITY INSURANCE COMPANY, a Pennsylvania corporation;<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. MCINTYRE, an individual;<br>QAMAR S. KHAN, an individual,<br><br>Defendants. | CASE NO.<br><br>**AEGIS SECURITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Aegis Security Insurance Company ("Aegis") herein alleges:

1. At all times herein mentioned, plaintiff Aegis was a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Harrisburg, Pennsylvania. Aegis is doing business as an admitted insurance carrier in the State of California.

2. Plaintiff is informed and believes and thereon alleges that defendant Mark J. McIntyre ("McIntyre") is a United States citizen domiciled in the City of Oceanside, County of San Diego, State of California.

3. Plaintiff is informed and believes and thereon alleges that defendant Qamar S. Khan ("Khan") is a United States citizen domiciled in the County of San Diego, State of California.

4. Jurisdiction is proper under 28 U.S.C. section 1332 in that the amount in controversy exceeds $75,000, and is between citizens of different states.

5. Venue is proper under 28 U.S.C. section 1391(a) in that the subject insurance policy was issued by plaintiff to defendant McIntyre in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff is informed and believes and thereon alleges that McIntyre is the owner of the residence located at 3185 Toopal Drive, Oceanside, California, 92054 (the "subject property").

7. Plaintiff Aegis issued homeowner's insurance policy no. AH000732 to its named insured, defendant McIntyre, effective from August 24, 2006 to August 24, 2007 (the "policy") covering the subject property. Among other things, the policy includes personal liability coverage with a limit of liability of $300,000 for damages because of bodily injury or property damage caused by an occurrence.

8. The pertinent policy language regarding personal liability coverage states:

> SECTION II – LIABILITY COVERAGES
>
> A.   Coverage E – Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1.   Pay up to our limit of liability for the damages for which the "insured" is legally liable. . . .
>
> 2.   Provide a defense at our expense by counsel of our choice . . .

9. The policy defined "bodily injury," "property damage" and "occurrence" as follows:

* * *

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

* * *

8. "Occurrence" mans an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a. "Bodily injury"; or

   b. "Property damage".

9. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

10. The policy contains a California Amendatory Endorsement (ISO form no. CHO-14). In part, the endorsement amended the definition of "bodily injury" in the policy's personal liability coverage to include "personal injury":

CALIFORNIA AMENDATORY ENDORSEMENT

* * *

SECTION II – LIABILITY COVERAGES

Personal Injury

Under A. Coverage E – Personal Liability, the definition "bodily injury" is amended to include personal injury.

"Personal Injury" means injury arising out of one or more of the following offenses:

1. false arrest, detention or imprisonment, or malicious prosecution;
2. libel, slander or defamation of character; or
3. invasion of privacy, wrongful eviction or wrongful entry.

11. The policy also contained a Personal Injury Exclusion-California endorsement (ISO form no. CHO-17) which deleted the personal injury coverage that had been added by the California Amendatory Endorsement:

PERSONAL INJURY EXCLUSION-CALIFORNIA

The Personal Injury coverage found in Endorsement CHO-14, California Amendatory Endorsement is hereby deleted.

For a premium credit, the following is deleted, in its entirety, from Endorsement CHO-14, California Amendatory Endorsement.

SECTION II – LIABILITY COVERAGES

Personal Injury

Under A. Coverage E – Personal Liability, the definition "bodily injury" is amended to include personal injury.

"Personal Injury" means injury arising out of one or more of the following offenses:

1. false arrest, detention or imprisonment, or malicious prosecution;
2. libel, slander or defamation of character; or
3. invasion of privacy, wrongful eviction or wrongful entry.

\* \* \*

12. Plaintiff is informed and believes and thereon alleges that on March 4, 2008, defendant Khan filed a complaint (the "Khan complaint") against McIntyre and others in the Central Division of the San Diego Superior Court, case no. 37-2008-00079216-CU-WT-CTL (the Khan litigation").

13. Plaintiff is informed and believes and thereon alleges that the Khan complaint makes the following allegations:

a. Khan is a male Muslim of Pakistani descent

b. In January of 2005, Khan was hired by Providers Financial, Inc. ("Providers") as a loan officer.

c. Defendant McIntyre is a mortgage broker and the president of Providers.

PLAINTIFF AEGIS SECURITY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF

    d. Throughout Khan's employment with Providers, he was subjected to a constant barrage of unwelcome and offensive verbal and physical abuse from McIntyre. Khan was mocked for his ethnic name and his religion.

    e. Khan was also subjected to severe physical abuse, particularly by McIntyre, who would (1) prod Khan in the buttocks with a golf club he kept in the office, (2) physically pin Khan to the office floor and force his groin into Khan's face while restraining him, (3) place him in a choke hold and (4) pinch Khan's nipples.

    f. During the course of Khan's employment with Providers, McIntyre allowed and encouraged the harassment and discrimination of Khan whose repeated protests were routinely ignored.

    g. In retaliation for Khan's complaints, he was terminated on March 13, 2007.

14. Plaintiff is informed and believes and thereon alleges that based on these core allegations in the Khan complaint, Khan alleged the following causes of action against McIntyre for (a) Retaliation in Violation of Government Code §12490 et seq., (b) Violation of Government Code §12490 et seq. - Sexual Harassment, (c) Violation of Government Code §12490 et seq. – Religious Harassment, (d) Violation of Government Code §12490 et seq. – National Origin Harassment, (d) Violation of Civil Code §§ 1708 and 1708.5 (sexual battery), (e) assault, (f) battery, and (g) false imprisonment.

15. Plaintiff is informed and believes and thereon alleges that one or more of the activities identified in the Khan complaint may have also occurred while Khan was attending a number of parties at the subject property.

16. Plaintiff is informed and believes and thereon alleges that the prayer to the Khan complaint seeks, among other things, compensatory and incidental damages, including lost wages, employee benefits, emotional distress and other special and general damages in the amount of $2,000,000.


17. Via letter dated May 24, 2008, McIntyre tendered the defense and indemnification of the Khan litigation to Aegis under the Aegis homeowner's policy.

18. Tidewater Claims Inc. ("Tidewater"), the third party claims administrator for Aegis, wrote to defendant McIntyre and informed him that it agreed to defend him in the Khan litigation subject to a reservation of rights.

19. Plaintiff is informed and believes and thereon alleges that defendants McIntyre and Khan contend that plaintiff's policy provides coverage to satisfy Khan's claims for damages against McIntyre in the Khan litigation.

## FIRST CAUSE OF ACTION
(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Third Cause of Action in the Khan Litigation for Retaliation in Violation of Government Code §12490 et seq.)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the third cause of action in the Khan litigation for Retaliation in Violation of Government Code section 12490 *et seq*.

22. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for Retaliation in Violation of Government Code section 12490 *et seq.* brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

## SECOND CAUSE OF ACTION
(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Fourth Cause of Action in the Khan Litigation for Violation of Government Code §12490 et seq. - Sexual Harassment)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the fourth cause of action in the Khan litigation for Violation of Government Code §12490 *et seq.* - Sexual Harassment.

25. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for Violation of Government Code §12490 *et seq.* - Sexual Harassment brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

### THIRD CAUSE OF ACTION
**(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Fifth Cause of Action in the Khan Litigation for Violation of Government Code §12490 et seq. – Religious Harassment)**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the fifth cause of action in the Khan litigation for Violation of Government Code §12490 *et seq.* – Religious Harassment.

28. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for Violation of Government Code §12490 *et seq.* – Religious Harassment brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

## FOURTH CAUSE OF ACTION
(Declaratory Relief – Declaration That That There is No Duty to Defend or Indemnify McIntyre as to the Sixth Cause of Action in the Khan Litigation for Violation of Government Code §12490 et seq. –National Origin Harassment)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the sixth cause of action in the Khan litigation for Violation of Government Code §12490 *et seq.* –National Origin Harassment.

31. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for Violation of Government Code §12490 *et seq.* –National Origin Harassment brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

## FIFTH CAUSE OF ACTION
(Declaratory Relief – Declaration That That There is No Duty to Defend or Indemnify McIntyre as to the Tenth Cause of Action in the Khan Litigation for Violation of Civil Code §§ 1708 and 1708.5)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the tenth cause of action in the Khan litigation for Violation of Civil Code sections 1708 and 1708.5.

34. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for Violation of Civil Code sections 1708

and 1708.5 brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

### SIXTH CAUSE OF ACTION
**(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Eleventh Cause of Action in the Khan Litigation for Assault)**

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the eleventh cause of action in the Khan litigation for assault.

37. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for assault brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

### SEVENTH CAUSE OF ACTION
**(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Twelfth Cause of Action in the Khan Litigation for Battery)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the twelfth cause of action in the Khan litigation for battery.

40. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for battery brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the

insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

### EIGHTH CAUSE OF ACTION
(Declaratory Relief – Declaration That There is No Duty to Defend or Indemnify McIntyre as to the Thirteenth Cause of Action in the Khan Litigation for False Imprisonment)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42. An actual controversy now exists in that plaintiff contends, and defendants dispute, that Aegis has no duty to defend or indemnify McIntyre under the policy as to the thirteenth cause of action in the Khan litigation for false imprisonment.

43. Plaintiff desires a declaration that Aegis owes no duty to defend or indemnify McIntyre against the claim for false imprisonment brought against him in the Khan litigation such that plaintiff may properly ascertain its obligations under the insurance contract with McIntyre. Plaintiff has no adequate remedy at law to provide for the prospective determination of its obligations to McIntyre.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. <u>As to the First Cause of Action</u>:

   a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the third cause of action in the Khan litigation for Retaliation in Violation of Government Code §12490 et seq.);

   b. For costs of suit and for such further relief as the court deems just and proper.

2. <u>As to the Second Cause of Action</u>:

   a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the fourth cause

of action in the Khan litigation for Violation of Government Code §12490 et seq. – sexual harassment;

b. For costs of suit and for such further relief as the court deems just and proper.

3. As to the Third Cause of Action:

a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the fifth cause of action in the Khan litigation for Violation of Government Code §12490 et seq. – religious harassment;

b. For costs of suit and for such further relief as the court deems just and proper.

4. As to the Fourth Cause of Action:

a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the sixth cause of action in the Khan litigation for Violation of Government Code §12490 et seq. – national origin harassment;

b. For costs of suit and for such further relief as the court deems just and proper.

5. As to the Fifth Cause of Action:

a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the tenth cause of action in the Khan litigation for Violation of Civil Code §§ 1708 and 1708.5;

b. For costs of suit and for such further relief as the court deems just and proper.

6. As to the Sixth Cause of Action:

a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the eleventh

cause of action in the Khan litigation for assault;

  b. For costs of suit and for such further relief as the court deems just and proper.

7. <u>As to the Seventh Cause of Action</u>:

  a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the twelfth cause of action in the Khan litigation for battery;

  b. For costs of suit and for such further relief as the court deems just and proper.

8. <u>As to the Eighth Cause of Action</u>:

  a. For judicial determination that there is no duty to defend or indemnify McIntyre for damages allegedly due under the thirteenth cause of action in the Khan litigation for false imprisonment;

  b. For costs of suit and for such further relief as the court deems just and proper.

Dated: August 15, 2008         MUNRO SMIGLIANI & JORDAN, LLP

By: *[signature]*
R. Michael Jordan, Esq.
David M. Plouff, Esq.
Attorneys for Plaintiff Aegis Security Insurance Company

PLAINTIFF AEGIS SECURITY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AEGIS SECURITY INSURANCE COMPANY

**DEFENDANTS**
MARK J. MCINTYRE
QAMAR S. KHAN

(b) County of Residence of First Listed Plaintiff: **Dauphin County, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (see attachment)

Attorneys (If Known): **08 CV 1501 H AJB**

FILED 2008 AUG 15 PM 4:38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Section 1332

Brief description of cause: Declaratory Relief re: Duty to Defend and Indemnity Insured

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/15/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 13117  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
MB 08/15/08

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                                 Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     # 154117      - MB

       August 15, 2008
          16:39:19

        Civ Fil Non-Pris
USAO #.: 08CV1501 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:
Check#.: BC71111           $350.00 CK


       Total-> $350.00


FROM: AEGIS SECURITY INSURANCE CO VS
      MARK J MCINTYRE, ET AL
```