| | |
|---|---|
| 1 | R. Michael Jordan, Esq. (SBN 108000) |
| | mjordan@msjlaw.com |
| 2 | David M. Plouff, Esq. (SBN 157026) |
| | dplouff@msjlaw.com |
| 3 | MUNRO SMIGLIANI & JORDAN, LLP |
| 4 | 655 West Broadway, Suite 840 |
| | San Diego, CA 92101 |
| 5 | Ph. (619) 237-5400 |
| | Facsimile (619) 238-5597 |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SECURITY INSURANCE COMPANY, a Pennsylvania corporation;<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. MCINTYRE, an individual; QAMAR S. KHAN, an individual,<br><br>Defendants. | CASE NO.: 08 CV 1501 H AJB<br><br>**DECLARATION OF MICHAEL KNITTLE IN SUPPORT OF PLAINTIFF AEGIS SECURITY INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT QAMAR S. KHAN**<br><br>DATE: April 6, 2009<br>TIME: 10:30 a.m.<br>CT ROOM: 13<br><br>Hon. Marilyn L. Huff |

I, Michael Knittle, declare:

1. I am the Vice President of Tidewater Claims, Inc. ("Tidewater"). Tidewater is a third party claims administrator for plaintiff Aegis Security Insurance Company ("Aegis"). Tidewater was retained by Aegis to act as the independent third party claims administrator for the claim tendered by Mark J. McIntyre ("McIntyre") that is the subject of this lawsuit. I make this declaration on behalf of Aegis and Tidewater and have been authorized by them to do so. I have personal knowledge of the facts stated herein and could testify to the same if called upon to do so.

1

2. I am familiar with the records of Tidewater relating to claim no. 7008-83 tendered to Aegis by McIntyre under Aegis insurance policy no. AH22000732 (the "McIntyre Files"). I make those parts of this declaration which are based upon the records of Tidewater upon information which I have personally reviewed and which information I find such records reflect.

3. I am familiar with the method of preparation of Tidewater's records as they relate to the McIntyre Files. The records relating to the McIntyre Files constitute writings taken or made in the regular and ordinary course of Tidewater's business at or near the time of the act, condition, or event to which they relate. Any such record or document was prepared in the ordinary course of Tidewater's business by an employee at Tidewater who had personal knowledge of the event being recorded and who had a business duty to accurately record the event.

4. At all times related to this case, and to Tidewater's records referred to herein, it was and is in the regular course of Tidewater's business to make records of any such acts, conditions, or events, at or near the time of the happening of such act, condition, or event, and in order to preserve a record of the occurrence or happening of such act, had such act or event occurred or such condition existed.

5. Aegis issued homeowners insurance policy no. AH22000732 to McIntyre effective from August 24, 2006 to August 24, 2007. A true and correct copy of the Aegis insurance policy issued to McIntyre is attached hereto as Exhibit 1 and is incorporated herein by reference.

6. On May 27, 2008, Tidewater received a letter from attorney Clifton Smith dated May 24, 2008, wherein Mr. Smith tendered McIntyre's defense and indemnification of *Khan v. Providers Financial, Inc. et al.*(Case No. 37-2008-00079216) (the "Underlying Action") to Aegis. A true and correct copy of Mr. Smith's letter to Aegis is attached hereto as Exhibit 2 and is incorporated herein by reference.

7. In July of 2008, on behalf of Aegis, I wrote to Mr. Smith informing him that Aegis agreed to provide McIntyre with a courtesy defense in the Underlying Action subject to a full reservation of rights and a disclaimer of any obligation to indemnify McIntyre for any resulting

damages. A true and correct copy of my letter to Mr. Smith is attached hereto as Exhibit 3 and is incorporated herein by reference.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of February, 2009 at San Diego, California.

_____
Michael Knittle